**COMPLT**
MATTHEW J. DOUGLAS
Nevada Bar No. 11371
WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
mdouglas@winnerfirm.com
*Attorneys for Geico Choice Ins. Co.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEICO CHOICE INSURANCE COMPANY, a Domestic Corporation;<br><br>Plaintiff,<br>v.<br><br>HENRY BIDERMAN APARICIO, an individual; MORGAN HURLEY, an individual; DAMASO S. PUENTE, individually and on behalf of THE ESTATE of DAMASO I. PUENTE; MARIA PUENTE, DANIEL MALONE, and DIANE MALONE, individually and on behalf of The ESTATE OF CHRISTA PUENTE; DAVE & BUSTERS of Nevada, Inc., d/b/a Dave & Busters, a Foreign Corporation; MAT-SUMMERLIN LLC, d/b/a Casa del Matador Summerlin, a Domestic Corporation; MOCORE, LLC, a Domestic Corporation; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive;<br><br>Defendants. | CASE NO.:   2:20-cv-01746<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT

COMES NOW, GEICO CHOICE INSURANCE COMPANY, a Maryland corporation, by and through its attorneys of record, Matthew J. Douglas, Esq., of the law firm of WINNER & SHERROD, and complains and alleges against the above-named Defendant as follows:

/ / /

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff, GEICO CHOICE INSURANCE COMPANY, (hereafter "Plaintiff" or "GEICO") is, and at all times relevant to this Complaint was a Maryland Corporation, licensed to do business, including selling policies of automobile insurance, in Clark County, Nevada.

2. Plaintiff is informed and believe, and thereon allege, that Defendant HENRY BIDERMAN APARICIO, at all times mentioned was an individual residing in Clark County, Nevada.

3. Plaintiff is informed and believe, and thereon allege, that Defendant MORGAN HURLEY, at all times mentioned was an individual residing in Clark County, Nevada.

4. Plaintiff is informed and believe, and thereon allege, that Defendant DAMASO S. PUENTE, individually and on behalf of THE ESTATE of DAMASO I. PUENTE, at all times mentioned herein was an individual residing and/or estate domiciled in Clark County, Nevada.

5. Plaintiff is informed and believe, and thereon allege, that Defendants MARIA PUENTE, individually and on behalf of The ESTATE OF CHRISTA PUENTE, was at all times mentioned herein was an individual residing and/or estate domiciled in Clark County, Nevada.

6. Plaintiff is informed and believe, and thereon allege, that Defendants DANIEL MALONE, individually and on behalf of The ESTATE OF CHRISTA PUENTE, at all times mentioned was an individual residing and/or an estate domiciled in Clark County, Nevada.

7. Plaintiff is informed and believe, and thereon allege, that Defendants DIANE MALONE, individually and on behalf of The ESTATE OF CHRISTA PUENTE, at all times mentioned was an individual residing and/or an estate domiciled in Clark County, Nevada.

8. Plaintiff is informed and believe, and thereon allege, that Defendant DAVE & BUSTERS of Nevada, Inc., d/b/a Dave & Busters, a Foreign Corporation, at all times mentioned herein was a Delaware Corporation licensed to do business in Clark County, Nevada.

9. Plaintiff is informed and believe, and thereon allege, that Defendant MAT-SUMMERLIN LLC, d/b/a Casa del Matador Summerlin, a Domestic Corporation, at all times mentioned herein was a Nevada entity licensed to do business in Clark County, Nevada.

10. Plaintiff is informed and believe, and thereon allege, that Defendant MOCORE, LLC, a Domestic Corporation, at all times mentioned herein was a Nevada entity licensed to do business in Clark County, Nevada

11. The true names or capacities, whether individual, corporate, associate or otherwise of Defendants DOES I - V and/or ROES CORPORATIONS I-V, inclusive, are unknown to Plaintiff who, therefore, sue said Defendants by such fictitious names. Plaintiffs are informed, believe and allege that Defendants designated herein as a DOES and/or ROES CORPORATION are individuals, associations, corporations, partnerships, predecessors or other entities which are employees, employers, agents, servants, masters, owners, controllers, partners, or in association with Defendants may have in some way caused or contributed to Plaintiff's damages as herein alleged. The true names or capacities, whether individual, corporate, associate or otherwise, are unknown to Plaintiff. Plaintiff alleges that each Defendant designated herein as a DOE and/or ROE is responsible in some manner for the events and happenings referred to in this Complaint and negligently and/or intentionally caused injury and damages to Plaintiff. Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities of DOES I THROUGH V and ROE CORPORATIONS I THROUGH V to include those true names and charging allegations when they are ascertained.

12. That this Court has diversity jurisdiction over the parties pursuant to 28 U.S. Code § 1332 as there is complete diversity of domicile as between the Plaintiff and all defendants and, the amount in controversy is over $75,000 by dint of the alleged policy at issue have *per occurrence* limits of $100,000.00, as well as pursuant to 28 U.S. Code § 2201 to find and declare certain rights as between the parties.

/ / /

## FACTUAL ALLEGATIONS

### I. FACTS RELEVANT TO SUBJECT MOTOR VEHICLE ACCIDENT

13. Upon information and belief, on May 15, 2018, HENRY BIDERMAN APARICIO (hereinafter "APARICIO") was operating a 2014 Mercedes-Benz C-Class, owned by him and Defendant MORGAN HURLEY (hereinafter "HURLEY"), wherein he was allegedly the cause of a 2 car accident involving APARICIO and HURLEY and a vehicle owned and operated by Defendant DAMASO I. PUENTE (hereinafter "DAMASO") and containing therein as a passenger Defendant CHRISTA PUENTE (hereinafter "CHRISTA") on Sahara Ave. in Clark County, Nevada.

14. Upon information and belief, Defendants CHRISTA and DAMASO were killed and/or suffered other personal injuries in the accident on May 15, 2018 and have claimed injuries and damages against Defendants APARICIO and/or HURLEY in said accident.

15. Upon information and belief, Defendants DAVE & BUSTERS of Nevada, Inc., d/b/a Dave & Busters ("hereinafter "DAVE & BUSTERS"), MAT-SUMMERLIN LLC, d/b/a Casa del Matador Summerlin (hereinafter "MAT-SUMMERLIN"), and MOCORE, LLC. were businesses in Clark County Nevada which either employed APARICIO and HURLEY at the time of the subject May 15, 2018 accident, served APARICIO and HURLEY alcohol prior to the May 15, 2018 accident, or were otherwise engaged in an agency or common enterprise with APARICIO and/or HURLEY at the time of the May 15, 2018 accident.

16. That Defendants DAMASO S. PUENTE, individually and on behalf of THE ESTATE of DAMASO I. PUENTE and MARIA PUENTE, DANIEL MALONE, and DIANE MALONE, individually and on behalf of The ESTATE OF CHRISTA PUENTE BARRIOS have made a bodily injury/wrongful death/survival action demands for their injuries to GEICO alleging damages caused by APARICIO and/or HURLEY and have filed a lawsuit against Defendants APARICIO and HURLEY, and the other Defendants herein, in the Circuit Court of Clark County, Nevada, under case no. A-20-813787-C (hereinafter "the Underlying Lawsuit") seeking damages for such death and damages to CHRISTA and DAMASO both individually and, on behalf of the ESTATES of CHRISTA and DAMASO.

///

///

## II. FACTS RELEVANT TO SUBJECT AUTOMOBILE POLICY

17. That, on May 15, 2018, Defendant HENRY BIDERMAN APARICIO (hereinafter referred to as "APARICIO") had in place an automobile liability insurance policy (with limits $50,000 *per person* and, $100,000 *per occurrence*) with GEICO, policy number 4379-60-55-63 (hereinafter referred to as "the Policy"), and insuring a 2007 Lexus IS 250;

18. That the Policy, under Section I – Liability Coverages, contains the following under the 'Definitions' section, as follows:

> **5. *Non-owned auto* means an automobile or trailer not owned by or furnished for the regular use of either you or a relative, other than a temporary substitute auto. An auto rented or leased for more than 30 days will be considered as furnished for regular use.**
> **6. *Owned auto* means:**
> **(a) A vehicle described in this policy for which a premium charge was shown for these coverages;**
> **(b) A trailer owned by you;**
> **(c) a private passenger, farm or utility auto which you acquire ownership of during the policy period or for which you enter into a lease for a terms of six months or more during the policy period, if**
> **(i) It replaces an owned auto as defined in (a) above; or**
> **(ii) We insure all private passenger, farm or utility autos owned or leased by you on the date of the acquisition, and you ask us to add it to the policy no more than 30 days later;**
> **(d) a temporary substitute auto.**
>
> \*\*\*
>
> **9. *Temporary Substitute auto* means an automobile or trailer, not owned by you, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the owned auto or trailer when withdrawn from normal use because of breakdown, repair, servicing, loss or destruction.**

19. That the Policy further states, under Section I – Liability Coverages, pursuant to the 'Losses We will Pay For You Under Section I', as follows:

> **Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:**
> **1. Bodily injury, sustained by a person, and:**
> **2. Damage to or destruction of property,**
> **arising out of the ownership, maintenance, or use of the owned auto or a non-owned auto.**

///

20. The vehicle owned and operated by APARICIO in the May 15, 2018 accident involving DAMASO and CHRISTA did not qualify as either an "owned vehicle" or "non-owned vehicle" under The Policy and, thus The Policy provides no coverage for May 15, 2018 loss involving the 2014 Mercedes-Benz and GEICO has no duty to defend or indemnify APARICIO or HURLEY in regard to said May 15, 2018 loss and/or the allegations made in the Underlying Lawsuit.

### III.    FACTS RELEVANT TO THE QUESTION OF COVERAGE

21.    That the Underlying Lawsuit seeks damages from APARICIO and HURLEY for the above-described incident on May 15, 2018 accident with claims for relief including but not limited to negligence, negligent entrustment and/or vicarious liability, N.R.S. 41.440, as well as other negligent acts as an employee or, in concert or common enterprise, with other parties.

22.    That the Defendants have sought or, may seek, GEICO to defend them and/or pay the damages caused by APARICIO and/or HURLEY as a result of same May 15, 2018 accident and the claims made in the Underlying Lawsuit.

23.    That based upon review of the Policy coverages and claims made by Defendants and in the Underlying Lawsuit, GEICO has no duty to defend or indemnify APARICIO and HURLEY, nor Defendants DAVE & BUSTERS, MAT-SUMMERLIN, or MOCORE, LLC, for said claims as the vehicle owned and operated by APARICIO did qualify for coverage under The Policy as it was owned by APARICIO but not insured by GEICO under the terms of The Policy;

24.    That, since the Policy affords no coverage for either APARICIO, HURLEY, DAVE & BUSTERS, MAT-SUMMERLIN, or MOCORE, LLC, for the claims alleged in the Underlying Lawsuit, this Court should find and declare same and order GEICO has no duty to defend or indemnify APARICIO, HURLEY DAVE & BUSTERS, MAT-SUMMERLIN, or MOCOIRE, LLC, in regard to the Underlying Lawsuit.

25.    That GEICO has or, will, incur recoverable costs associated with the defense of APARICIO, HURLEY, DAVE & BUSTERS, MAT-SUMMERLIN, or MOCORE, LLC, in regard to the Underlying Lawsuit.

///

///

## IV. FIRST CAUSE OF ACTION

**(Declaratory Relief Regarding Coverage for any claims from the May 15, 2018 loss)**

26. That Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if same are set forth fully herein;

27. That this is an action for declaratory judgment pursuant to 28 U.S. Code § 2201, for the purpose of determining a question of actual controversy between the parties.

28. That there is an actual, substantial and justiciable controversy between the parties concerning the question of coverage availability based upon The Policy with GEICO at the time of the above referenced motor vehicle accident on May 15, 2018 involving the persons, heirs, estates and/or property of all named Defendants;

29. It is clear from the terms of the GEICO Policy with Defendants APARICIO and HURLEY that the GEICO policy only insured them for liability "arising out of the ownership and use" of either 'owned vehicles' or 'non-owned' vehicles under the Policy;

30. That the 2014 Mercedes-Benz C-Class owned and operated by APARICIO in the May 15, 2018 accident did not qualify as either an "owned vehicle" or a "non-owned vehicle" as it does not meet the definition for either as APARICIO owned said vehicle, but did not insure it with GEICO.

31. That GEICO does not have an adequate remedy at law to appropriately resolve this controversy; accordingly, a declaration of the parties' rights and duties is necessary and appropriate at this time;

32. That Plaintiff is informed and believe, and thereupon alleges, that Plaintiff has no obligation to provide a defense to APARICIO, HURLEY, DAVE & BUSTERS, MAT-SUMMERLIN, or MOCORE, LLC nor, to provide coverage and indemnity to APARICIO, HURLEY, DAVE & BUSTERS, MAT-SUMMERLIN, or MOCORE, LLC for the accident of May 15, 2018 or in regard to any of the claims or damages sought by any claimant, DAMASO S. PUENTE, individually and on behalf of THE ESTATE of DAMASO I. PUENTE and/or MARIA PUENTE, DANIEL MALONE, and DIANE MALONE, individually and on behalf of The ESTATE OF CHRISTA PUENTE, including claims made in the Underlying Lawsuit

including but not limited to, for negligence, negligent entrustment and/or vicarious liability and N.R.S. 41.440, as well as other negligent acts as an employee or in concert or common enterprise with other parties, as the 2014 Mercedes-Benz C-class does qualify them for liability coverage under the GEICO policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That Plaintiff be awarded a judgment in their favor for the Declaratory Judgment Count set forth in the Complaint;

2. A Declaration from this Court as follows:

   a. That GEICO CHOICE INSURANCE COMPANY has no duty to defend and/or indemnify Defendants APARICIO, HURLEY, DAVE & BUSTERS, MAT-SUMMERLIN, or MOCORE, LLC for any claims in regard to the Underlying Lawsuit, case no. A-20-813787-C or, any future action filed by any other claimant named herein, as no coverage exists under GEICO policy no. 4379-60-55-63, for the 2014 Mercedes-Benz C-class operated in the loss, and,

   b. That Plaintiff GEICO CHOICE INSURANCE COMPANY may withdraw or, not engage, its defense of APARICIO, HURLEY DAVE & BUSTERS, MAT-SUMMERLIN, or MOCORE, LLC in regard to the Underlying Lawsuit Complaint case no. A-20-813787-C and need not defend APARICIO, HURLEY, case no. A-20-813787-C in regard to any future filed Complaint by the parties herein;

///

///

/ / /

        3.    That Plaintiff GEICO CHOICE INSURANCE COMPANY be awarded such other and further relief as the Court deem just and proper.

DATED this 21st day of September, 2020.

    Respectfully submitted,

    WINNER & SHERROD

    */S/Matthew J. Douglas*

    MATTHEW J. DOUGLAS, Esq.
    Nevada Bar No. 11371
    1117 So. Rancho Drive
    Las Vegas, NV 89102
    *Attorneys for Plaintiff*