# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GEICO CHOICE INSURANCE COMPANY, | |
| Plaintiff, | 2:20-cv-01746-JAD-VCF |
| vs. | **ORDER** |
| HENRY BIDERMAN APARICO, *et al.*, | |
| Defendants. | |

Before the Court is the Plaintiff's Ex Parte Motion for Extension of Time to Complete Service Pursuant to F.R.C.P. 4(m) (ECF No. 17).

Plaintiff seeks a 120-day extension under FED. R. CIV. P. 4(m) to effectuate service upon the Defendants Aparicio and Mocore LLC.

**A. Relevant Background**

On September 22, 2020, Plaintiff filed a Complaint for Declaratory Judgment. (ECF NO. 1). Plaintiff states that only Defendants Aparicio and Mocore LLC need to be served. All other defendants have been served.

**B. Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). *Id.* The district court may extend time for service of process

retroactively after the 90-day service period has expired.  *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**C. Discussion**

The time to effectuate service upon the Defendants Aparicio and Mocore LLC has expired, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period.  *See* Fed. R.  Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).  Here, Plaintiff asserts that it has been unable to perfect service of process on Defendants Aparicio and Mocore LLC.  Aparicio is in prison and service cannot be effectuated due to Covid-19 restrictions.  Mocore LLC has unknown addresses.  (ECF No. 17).

The court finds that good cause warrants extending the service of process deadline.

Accordingly, and for good cause shown,

IT IS ORDERED that the Plaintiff's Ex Parte Motion for Extension of Time to Complete Service Pursuant to F.R.C.P. 4(m) (ECF No. 17) is GRANTED. The deadline to perfect service on Defendants Aparicio and Mocore LLC, is extended up to and including  April 19, 2021.

Plaintiff has not provided the court with any reason to grant the relief on an ex parte basis. Pursuant to Local Rule IA 7-2(b), neither party nor an attorney for any party may make an ex parte communication with the court except as specifically permitted by the local rules or the Federal Rules of Civil Procedure.

The Clerk of Court is directed to remove the ex parte status on Plaintiff's Ex Parte Motion for Extension of Time to Complete Service Pursuant to F.R.C.P. 4(m) (ECF No. 17).

DATED this 18th day of December, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE