# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GEICO Choice Insurance Company,

      Plaintiff

v.

Henry Biderman Aparicio, et al.,

      Defendants

Case No.: 2:20-cv-01746-JAD-VCF

**Order Granting Defendants' Motion to Dismiss for Want of Subject-Matter Jurisdiction and Closing Case**

[ECF Nos. 26, 28]

      This suit arises from a tragic car accident that killed Damaso and Christa Puente.  The Puentes' heirs filed a wrongful-death suit in Nevada state court against the tortfeasor driver and others, and GEICO Choice Insurance Company is defending the driver in that action on a reservation of rights.  Because GEICO contends that its policy does not provide coverage for the Puente-heirs' claims, it filed this federal suit seeking a declaration that it does not owe a duty to defend or indemnify in the state-court action.  The Puentes' heirs move to dismiss this federal action, arguing that the amount-in-controversy threshold is not met, that there is no case or controversy, and alternatively that this court should exercise its discretion not to hear this declaratory-judgment claim.  GEICO opposes that motion and moves for summary judgment in its favor.  Because I find that GEICO has failed to establish that the amount-in-controversy requirement for diversity jurisdiction is satisfied, I grant the motion to dismiss on that basis, do not reach the heirs' remaining arguments, and deny as moot GEICO's motion for summary judgment.

## Discussion

      The Puentes were killed when their car was struck by a Mercedes-Benz driven by Henry Biderman Aparicio.  At the time of the crash, Aparicio had a GEICO car-insurance policy for a

Lexus; the Mercedes-Benz was the subject of a different Esurance policy held by Morgan Hurley, who lived with Aparicio and was a passenger in the car on that fateful night.[1] The Puentes had no children, and their separate heirs and estates—six claimants in total[2]—filed a wrongful-death suit against Aparicio, Hurley, and others in Nevada state court.[3] GEICO disputes coverage, taking the position that the Mercedes-Benz was not covered by its policy, so it has no duty to defend or indemnify Aparicio or Hurley in the Puente-heirs' suit.[4] GEICO filed this federal action under the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, against the Puente heirs, Aparicio, Hurley, and all other defendants in the state-court case,[5] seeking a no-coverage declaration so it can step away from the state-court matter.

The DJA does not itself confer federal jurisdiction, so an independent jurisdictional basis is needed to keep this suit in federal court.[6] GEICO seeks to invoke this court's jurisdiction based on 28 U.S.C. § 1332(a), which confers subject-matter jurisdiction if "there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs."[7] Because GEICO filed this action here originally, it "bears the

---

[1] ECF No. 29 at 57 (GEICO policy documents), 92 (declaration of Christopher Wilband) at ¶ 15.

[2] Damaso S. Puente sues individually and on behalf of the Estate of his son, Damaso I. Puente; Maria Puente, Daniel Malone, and Diane Malone sue individually and on behalf of Christa's estate. *See* ECF No. 29 (state-court complaint) at 110, ¶¶ 5–8.

[3] ECF No. 29 at 109.

[4] ECF No. 1 (complaint).

[5] *Id*. The defendants also include Dave & Buster's (where Aparicio and Hurley allegedly consumed alcohol before the accident) and Mat-Summerlin, LLC d/b/a Casa del Matador Summerlin and Mocore, LLC (where Aparicio allegedly worked and where he and Hurley consumed alcohol before the accident). *Id*. at ¶¶ 2–3, 8–10, 13; ECF No. 28 at 80–81. Both have filed notices of disclaimer of interest in the policy and acceptance of any non-monetary judgment. *See* ECF Nos. 19, 20. Aparicio has not appeared and was defaulted. ECF No. 25.

[6] *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

[7] *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)).

burden of establishing that jurisdiction exists,"[8] and this court must presume a lack of subject-matter jurisdiction until that burden is met.[9]  It is undisputed that the parties in this action are completely diverse.  The sole jurisdictional question here is whether the amount in controversy exceeds $75,000.

The answer to that question depends on the value of GEICO's claims against any defendant here.  The GEICO policy has a per-person limit of $50,000 and a per-occurrence limit of $100,000.[10]  The insurer argues that the $100,000 per-occurrence limit is the one that controls, theorizing that "it seems any reasonable person would agree that the amount in controversy is over $75,000 by dint of the alleged policy at issue contains [sic] per occurrence limits of $100,000.00—that is, all 6 claimants combined would take $100,000.00, combined, if coverage exists and their claims proven."[11]  The heir-defendants counter that it is not possible for their "six plaintiffs' claims, each worth less than $50,000, [to] be aggregate[d] to reach the federal diversity jurisdictional limit of $75,000.00."[12]

## A.   A case must be dismissed when it appears to a legal certainty that the claim is for less than $75,000.

The amount in controversy is normally determined from the face of the pleadings,"[13] which "controls so long as the claim is made in good faith."[14]  To dismiss based on an

---

[8] *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

[9] *Kokonnen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citation omitted).

[10] ECF No. 29 at 57.

[11] *Id*. at 9–10 (emphasis omitted).

[12] ECF No. 26 at 4.

[13] *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986).

[14] *Crum*, 231 F.3d at 1131 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

insufficient amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[15]  This legal certainty standard is clearly met in limited situations, including "when a specific rule of law or measure of damages limits the amount of damages recoverable."[16]  In such cases, courts "may go beyond the pleadings for the limited purpose of determining the applicability of the rule or measure of damages."[17]

**B.      No claim against any defendant in this action meets the jurisdictional threshold.**

It appears to a legal certainty that GEICO cannot establish that any claim has a value that exceeds $75,000 in this case.  As a foundational matter, when a plaintiff asserts a single claim against multiple defendants, as GEICO does in this declaratory-relief action, the claims against those various defendants cannot be added together to reach the jurisdictional threshold; the amount in controversy for each defendant must independently satisfy it.[18]  And here, GEICO's claim against no Puente heir can exceed the $50,000 per-person limit in Aparicio's policy.

When the issue in a declaratory-relief coverage case is "the applicability of [a party's] liability coverage to a particular occurrence," as it is here, "the amount in controversy is the

---

[15] *Red Cab Co.*, 303 U.S. at 289.

[16] 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48–50 (2d ed. 1985).

[17] *Pachinger*, 802 F.2d at 364.

[18] *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585–86 (2005) (citation omitted) (noting that the Supreme Court "has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated.  But in multiparty cases," the court has "unyieldingly adhered to the nonaggregation rule"); *accord Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978) (quoting *United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 683 n.9 (9th Cir. 1976)) ("As we have stated, the tests for aggregating claims of one plaintiff against multiple defendants and of multiple plaintiffs against one defendant are "essentially the same . . . : the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several.").

value of the underlying potential tort action."[19]  An insurer's maximum liability under an insurance policy "is relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the liability ceiling."[20]  The latter is true here, as GEICO concedes that the value of the heirs' underlying tort claims in the double-fatality, wrongful-death suit easily exceeds the policy's liability ceiling of $100,000.[21]  So the amount in controversy for GEICO's claims in this coverage case is tied to policy limits.

With no citation to case law or Aparicio's policy, GEICO asserts that the $100,000 per-occurrence limit applies and briefly argues that it could also seek punitive damages to meet the jurisdictional threshold.[22]  GEICO's theory hinges on the idea that the Puente heirs could receive up to $100,000 total.  To reach that value, GEICO aggregates the six heir-defendants' potential state-court recoveries.

But it's not the $100,000 per-occurrence limit that controls the jurisdictional analysis here—it's the per-person limit of $50,000 because Nevada law,[23] which GEICO concedes applies in this diversity action,[24] confines the Puente-heirs' recovery to a portion of the per-person policy limit for their respective decedent.  In *Nationwide Mutual Insurance Co. v. Moya*, the Nevada Supreme Court explained "that damages for loss of consortium or wrongful death—

---

[19] *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citation omitted).

[20] *Id.*

[21] *See* ECF No. 29 at 26 ("Quite frankly, for moving defendants to maintain each of their six (6) defendants['] claims are valued at less than $50,000 each is unbelievable.").

[22] *Id.* at 25.

[23] *See Nationwide Mut. Ins. Co. v. Moya*, 837 P.2d 426, 430 (Nev. 1992).

[24] ECF No. 29 at 17–18.

resulting from 'bodily injury' to one person—are subject to the 'each person' limit."[25]  So when "one person is injured in the accident, the each[-]person limit applies, regardless of the number of persons damaged as a result of the accident."[26]  It reasoned that the numerous heirs "did not suffer bodily injuries *in* the accident" and that "their claims arose *as a result* of the injuries [the decedent] suffered *in* the accident (which eventually caused her death)."[27]  The court relied on "common sense," noting that an heir would not have a wrongful-death claim "but for the injuries sustained" by the decedent.[28]  Thus, under Nevada law, regardless of the number of heirs that a decedent has, those heirs are collectively entitled only to the per-person policy limit for the decedent they bring suit on behalf of.

Under *Moya*, the heirs and estates of the Puentes are at most entitled to a pro rata share of the $50,000 per-person policy limit for Damaso and Christa.[29]  If Damaso Puente had survived the accident, the maximum he could recover under the policy's per-occurrence limit would be $50,000; the same is true for Christa.[30]  Because their heirs and estates would not have claims but for the Puentes' deaths, under *Moya*, the representatives' claims are derivative of the Puentes' claims.  So, at most, Damaso S. Puente and the estate of his son Damaso I. Puente can

---

[25] *Moya*, 837 P.2d at 429 (citing 1 A. Widiss, *Uninsured and Underinsured Motorists Insurance* § 12.4 (1985); *Izzo v. Colonial Penn Ins. Co.*, 524 A.2d 641, 645 (Conn. 1987)).

[26] *Id.* at 430.

[27] *Id.* (emphasis in original).

[28] *Id.* at 429 (citation omitted).

[29] This analysis assumes, without deciding, that the policy provides coverage for the Puente-heirs' claims.  Nothing in this order should be construed as a determination of GEICO's coverage or defense obligations.

[30] *See* ECF No. 28 at 35 (copy of Aparicio's insurance policy) ("The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of our liability for all damages, including damages for care and loss of services, because of bodily injury sustained by one person as the result of one occurrence.") (emphasis omitted).

collectively recover $50,000 from the GEICO policy; and Maria Puente, Daniel Malone, Diane

Malone, and Christa's estate can collectively recover no more than $50,000 from the GEICO

policy.  The value of each of GEICO's claims against these potential claimants is thus less than

$50,000 and cannot meet the $75,000 amount in controversy required for federal jurisdiction.

This court thus lacks jurisdiction over this action.

Because I find that subject-matter jurisdiction is lacking, I dismiss on this basis.  I thus

need not and do not reach the defendants' remaining dismissal arguments, and I deny as moot

GEICO's motion for summary judgment.

### Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 26] is**

**GRANTED for want of subject-matter jurisdiction**; it is denied without prejudice in all other

respects.  IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment **[ECF**

**No. 28] is DENIED as moot and without prejudice**.  The Clerk of Court is directed to CLOSE

THIS CASE.

_____

U.S. District Judge Jennifer A. Dorsey
December 14, 2021